*This opinion is subject to revision before final publication in the Pacific Reporter*

**2020 UT 31**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

ACLU OF UTAH, DISABILITY LAW CENTER, and UTAH ASSOCIATION
OF CRIMINAL DEFENSE ATTORNEYS,
*Petitioners,*

*v.*

STATE OF UTAH,[1]
*Respondents.*

No. 20200281
Filed May 21, 2020

On Petition for Extraordinary Relief

Attorneys:

John Mejia, Leah Farrell, Jason Groth, Sara Wolovick,
Salt Lake City, for petitioner ACLU of Utah Foundation

Aaron M. Kinikini, Nicholas H.K. Jackson, Salt Lake City,
for petitioner Disability Law Center

Steven Burton, Salt Lake City, for petitioner
Utah Association of Criminal Defense Attorneys

Sean D. Reyes, Att'y Gen., Tyler R. Green, Solic. Gen.,
Stanford E. Purser, Deputy Solic. Gen., Erin T. Middleton,
Aaron G. Murphy, J. Clifford Petersen, Asst. Solics. Gen.,
Amanda N. Montague, Asst. Att'y Gen., Salt Lake City,
for respondent State of Utah

Sim Gill, Bridget K. Romano, Darcy M. Goddard, LaShel Shaw,
William Garbina, Salt Lake City, for respondent Salt Lake County

Frank D. Mylar, Salt Lake City, for respondents
twenty-one counties

---

[1] Other respondents include: GARY R. HEBERT, MIKE HADDON, CARRIE L. COCHRAN, all counties in the State of Utah, and all county sheriffs of the State of Utah in capacity as county jail administrators.

Per Curiam:

¶1 This matter is before the court on a petition for extraordinary relief. Petitioners ACLU of Utah, Disability Law Center, and Utah Association of Criminal Defense Attorneys seek relief on behalf of all individuals in criminal custody throughout the state who are at risk of contracting COVID-19. No individual inmate is named as a petitioner.

¶2 Respondents and Proposed Intervenors argue that Petitioners lack standing. We conclude they are correct.

¶3 Petitioners do not claim to have traditional standing. They do not purport to suffer a "distinct and palpable injury that gives [them] a personal stake in the outcome of the legal dispute." *Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983). And Petitioners do not claim to have associational standing, which is present when an association's individual members have standing and the participation of the individual members is not necessary to the resolution of the case. *See Utah Chapter of Sierra Club v. Utah Air Quality Bd.*, 2006 UT 74, ¶ 21, 148 P.3d 960.

¶4 Instead, Petitioners argue that they have public interest standing. *See id.* ¶¶ 35–41. Two members of this court have previously "expressed serious doubt about the intellectual underpinnings of the doctrine and have invited further discussion of its continued viability." *Haik v. Jones*, 2018 UT 39, ¶ 23 n.5, 427 P.3d 1155; *see Gregory v. Shurtleff*, 2013 UT 18, ¶ 64, 299 P.3d 1098 (Lee, J., concurring in part and dissenting in part, with Durrant, J., joining). However, we need not engage in an extended discussion of this doctrine or its application. To qualify for public interest standing, Petitioners bear the burden of demonstrating, among other things, that the issues they seek to litigate "are unlikely to be raised if [they are] denied standing." *Gregory*, 2013 UT 18, ¶ 28 (quoting *Sierra Club*, 2006 UT 74, ¶ 36). Petitioners have not met this burden.

¶5 For this reason, we dismiss the petition. All other pending motions are denied as moot.

———————